UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELANCON MARINE, LLC                        CIVIL ACTION

VERSUS                                      NO: 05-1497

MARINE INDUSTRIAL                           SECTION: R(5)
FABRICATORS, INC.

## ORDER AND REASONS

Plaintiff Melancon Marine, LLC moves to strike defendant Marine Industrial Fabricators, Inc.'s jury demand.  Defendant has not responded to plaintiff's motion.  For the reasons stated below, the Court GRANTS plaintiff's motion.

**I.   BACKGROUND**

Plaintiff Melancon Marine, LLC owns and operates the liftboat LAUREN.  Plaintiff was operating the LAUREN at a work location in the Gulf of Mexico when it experienced difficulties trying to jack the vessel down for transportation to another work site.  Plaintiff contacted defendant Marine Industrial Fabricators, Inc., a company that builds and repairs liftboats, for assistance.  Plaintiff alleges that one of defendant's

employees provided it with improper advice and conducted faulty repairs on the vessel, which caused the LAUREN to capsize and sink.

Plaintiff filed this action against defendant on April 21, 2005.  Plaintiff seeks approximately $1.7 million in damages relating to the loss of the LAUREN.  Plaintiff alleges, pursuant to Federal Rule of Civil Procedure 9(h), that this case falls within the court's admiralty and maritime jurisdiction.

## II.  DISCUSSION

Federal Rule of Civil Procedure 9(h) permits a plaintiff to include in his complaint "a statement identifying the claim as an admiralty or maritime claim" for the purposes of, *inter alia*, Rule 38(e).  Fed. R. Civ. P. 9(h).  Rule 38(e), in turn, provides that the Federal Rules "shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."  Fed. R. Civ. P. 38(e); *see also Smith v. ENSCO Offshore Co.*, 181 F.3d 97, at *1 (5th Cir. 1999) ("Ordinarily, when a case involves admiralty or maritime claims, the plaintiff does not have a right to a jury trial.").

Here, plaintiff has expressly invoked this Court's admiralty jurisdiction, as it was permitted to do under Rule 9(h). Defendant has made no effort to establish why admiralty jurisdiction is not proper or why it has a right to demand a

2

trial by jury.  Accordingly, the Court finds that defendant's request for a jury trial was improper, and it will grant plaintiff's motion to strike.

**III. CONCLUSION**

For the reasons stated above, the Court GRANTS plaintiff's motion to strike defendant's jury demand.


New Orleans, Louisiana, this <u>14th</u> day of February, 2006.


_____
                    SARAH S. VANCE
             UNITED STATES DISTRICT JUDGE